IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RALFEAL WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-078 |
| | ) | |
| TELFAIR STATE PRISON; DEPT. OF | ) | |
| CORRECTIONS; TIMOTHY | ) | |
| MCFARLAND, Warden; MR. WILCOX, | ) | |
| Warden; MR. KELLEM, Unit Manager; and | ) | |
| WILLIAM SIKES, Unit Manager, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Dooly State Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair State Prison in Helena, Georgia. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*), but the Court may dismiss the amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's pleadings and prior

history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

## I.      Background

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 590 U.S. -, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Rivera, 144 F. 3d at 721-27.

To that end, the complaint form Plaintiff used for his amended complaint requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment,

and (3) the disposition of any such lawsuits. (Doc. no. 18, pp. 9-10.) The prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition. (Id.)

## II.    Discussion

### A.    Plaintiff's Case Should Be Dismissed as a Sanction for Providing a Dishonest Filing History

Here, pursuant to his certification under Federal Rule of Civil Procedure 11 in the amended complaint, Plaintiff failed to disclose he had filed any other federal lawsuit. (Id. at 9-10; doc. no. 27.) However, the Court is aware Plaintiff has filed multiple other cases in the Northern District of Georgia concerning his conditions of confinement: (1) White v. Staley, et al., No. 1:2016-cv-0981 (N.D. Ga. Mar. 15, 2016); (2) White v. Cobb Cnty. Sheriff's Dep't, et al., No. 1:2014-cv-1219 (N.D. Ga. Apr. 23, 2014); (3) White v. Cobb Cnty. Sheriff's Dep't, et al., No. 1:2014-cv-0785 (N.D. Ga. Mar. 17, 2014); and (4) White v. Marietta Daily J., et al., No. 1:2014-cv-0571 (N.D. Ga. Feb. 26, 2014).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (per curiam) (affirming dismissal of complaint based on failure to disclose eight

3

habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195

4

(S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044, 2011 WL 2462017 (S.D. Ga. May 16, 2011), *adopted by* 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  Plaintiff's failure to disclose his prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[1]

### B.     Plaintiff's Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted

Even if the case were not subject to dismissal for abusing the judicial process, it should be dismissed for failure to state a claim.  Plaintiff provides no factual detail in his statement of claim and does not otherwise connect any named Defendant to an alleged wrong.  (See generally doc. no. 18.)  In its Order dated August 20, 2025, the Court explained the amended complaint "will supersede and replace in its entirety the previous pleadings filed by Plaintiff." (Doc. no. 13, p. 2 (citations omitted).)   The Court further instructed Plaintiff on what information concerning alleged misconduct, including the names and alleged actions taken by each Defendant, must be included.  (Id. at 2-3.)  The Court also explained that "no portion of any prior complaint shall be incorporated into his amended complaint by reference."  (Id. at 3.)

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any

---

[1]Plaintiff's current claims concern incidents alleged to have occurred on May 31, 2024 and July 24, 2025.  (Doc. no. 18, p. 5.)  Thus, Plaintiff may still timely re-file his § 1983 claims, should he choose to do so.  See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).

allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); see also West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law). Here, Plaintiff fails to mention any Defendant by name, and at best, he alleges "all are responsible" or that "Defendants" have injured him. No Defendant is mentioned by name or otherwise associated with any particular alleged wrongdoing.

Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)). When the failure to comply with a court order also results in a failure to connect any Defendant to an alleged wrong, dismissal is appropriate.

### III. Conclusion

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history and failed to provide any factual detail in his amended complaint connecting a named Defendant to an alleged wrong, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice. Because the case should be dismissed, and as no Defendant was ever served, let alone appeared, the Court also **REPORTS**

and **RECOMMENDS** Plaintiff's second motion for appointment of counsel, as well as the premature motion for summary judgment, be **DENIED AS MOOT**.  (Doc. nos. 20, 28.)

SO REPORTED and RECOMMENDED this 13th day of February, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA